STEVEN G. KALAR
Federal Public Defender
Northern District of California
SEVERA KEITH
MARA K. GOLDMAN
Assistant Federal Public Defenders
55 South Market Street, # 820
San Jose, CA 95113
Telephone:   (408) 291-7753
Facsimile:   (408) 291-7399
Email:        Severa_Keith@fd.org

Counsel for Defendant MAPES

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | Case No. CR 19–00286 SVK |
|---|---|
| Plaintiff, | **MOTION TO DISMISS** |
| v. | Court:          Courtroom 6, 4th  Floor |
| TRACY MICHAEL MAPES, | Hearing Date:  February 11, 2020 |
| Defendant. | Hearing Time:  9:00 a.m. |

**INTRODUCTION**

Defendant Tracy Mapes is accused of violating federal law by flying a drone over Levi's Stadium and the Oakland Coliseum during NFL football games.  According to the Information, this conduct violated 14 C.F.R. § 99.7, which requires "[e]ach person operating an aircraft" to "comply with special security instructions" issued by the FAA in the interest of national security.  But the Information does not identify the "special security instructions" with which Mr. Mapes failed to comply, much less explain how Mr. Mapes's alleged conduct violated those instructions.  Rule 7(c) of the Federal Rules of Criminal Procedure requires the government to provide the defendant with a plain, concise, and definite written statement of the essential facts charged.  Because the information

1    filed against Mr. Mapes fails to satisfy these requirements, it is deficient and must be dismissed.

2                                          **THE INFORMATION**

3           On June 26, 2019, the government filed an Information charging Mr. Mapes with two

4    misdemeanor counts of violating national defense airspace, in violation of 49 U.S.C. §§ 46307 and

5    40103(b).  *See* Information, Dkt. No. 8.  Count One alleges that on or about November 26, 2017, in

6    the Northern District of California, Mr. Mapes

7                   while piloting an Unmanned Aircraft System, did knowingly, and without
                    lawful authority, conduct aircraft operations in restricted airspace above
8                   Levi's Stadium, a stadium having a seating capacity of 30,000 or more
                    where a National Football League game was occurring, in violation of
9                   Title 14, Code of Federal Regulations, Section 99.7, a regulation
                    prescribed under Title 49, United States Code, Section 40103(b)(3).
10

11   *See Id.*

12          Count Two is identical to Count One, except that it alleges that Mr. Mapes's conduct occurred

13   in the airspace above the Oakland-Alameda County Coliseum.  *See id.*

14                                          **ARGUMENT**

15   **I.     An Information Is Constitutionally Deficient Unless it Fairly Informs the Defendant of the
            Charges Against Which He Must Defend and Enables Him to Plead a Conviction or
16          Acquittal as a Bar to Subsequent Prosecution**

17          An information must provide the defendant with a "plain, concise, and definite written

18   statement of the essential facts constituting the offense charged."  Fed. R. Crim. P. 7(c).  The purpose

19   of this requirement is to protect the defendant's Sixth Amendment right to be informed of the nature

20   and cause of the accusation against him; his Fifth Amendment right to due process; and his Fifth

21   Amendment right to be free from successive prosecutions for the same offense.  *Russell v. United*

22   *States*,  760-61 (1962); *United States v. Cecil*, 608 F.2d 1294, 1296 (9th Cir. 1979).[1]

23          Accordingly, an inquiry into the constitutional sufficiency of an information "must focus upon

24   whether the [information] provides 'the substantial safeguards' to criminal defendants that

25   [informations] are designed to guarantee."  *Cecil*, 608 F.2d at 1296 (citing *Russell*, 369 U.S. at 763).

26   At a minimum, an information "must furnish the defendant with a sufficient description of the

27   _____

28   [1] In felony cases, Rule 7(c) also protects the defendant's Fifth Amendment right to indictment by a
     grand jury.  *See id.*  That right is not implicated here.

MOTION TO DISMISS
NO. CR 19–00286 SVK

                                                    2

charges against him to: (1) "enable him to prepare his defense"; (2) "enable him to plead jeopardy against a later prosecution"; and (3) "inform the court of the facts alleged so that it can determine the sufficiency of the charge." *Id.* (citing *Hamling v. United States*, 418 U.S. 87, 117-118 (1974)).

In some cases, it will sufficient for a charging document to "set forth the offense in the words of the statute itself." *Hamling*, 418 U.S. at 117.  But this is true only if "'those words of themselves fully, directly, and expressly, without any uncertainty and ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" *Id.* (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)).  "An indictment not framed to apprise the defendant 'with reasonable certainty, of the nature of the accusation against him ... is defective, although it may follow the language of the statute.'" *Russell*, 369 U.S. at 765 (quoting *United States v. Simmons*, 96 U.S. 360, 362 (1877)).

In *Russell,* for example, the defendants were charged with refusing to answer questions before a congressional subcommittee, in violation of 2 U.S.C. § 192.  The indictments listed the questions the defendants refused to answer, but did not identify the subject matter under inquiry before the subcommittee.  *Id.* at 764.  The Supreme Court held that this omission rendered the indictments constitutionally deficient.  The Court explained:

> [T]he very core of criminality under [the statute] is the pertinency to the subject under inquiry of the questions which the defendant refused to answer.  What the subject actually was, therefore, is central to every prosecution under the statute.  Where guilt depends so crucially upon such a specific identification of fact, our cases have uniformly held that an indictment must do more than simply repeat the language of the criminal statute.

*Id.*

Here, like the defendants in *Russell*, Mr. Mapes is being asked to defend himself against a charging document that omits the "very core" of the alleged crime.

## II.  Mr. Mapes Cannot Prepare His Defense Because the Information Omits Crucial Information

Mr. Mapes is accused of violating 14 C.F.R. § 99.7, a regulation prescribed under 49 U.S.C. § 40103(b)(3).  Section 99.7 provides:

> Each person operating an aircraft in an ADIZ or Defense Area must, in addition to the applicable rules of this part, comply with special security

1    instructions issued by the Administrator in the interest of national security,
2    pursuant to agreement between the FAA and the Department of Defense,
     or between the FAA and a U.S. Federal security or intelligence agency.

3    14 C.F.R. § 99.7.

4        The problem is that § 99.7 is inherently vague.  There is no way to tell from the wording of §

5    99.7 itself how Mr. Mapes is alleged to have violated the regulation.  Section 99.7 merely informs

6    Mr. Mapes that people operating aircrafts in specified zones must comply with special security

7    instructions.  It does not describe or identify these instructions, or even provide a cross-reference to

8    another source.

9        In this respect, § 99.7 is similar to statutes that make it a crime to act "contrary to law."  Courts

10   have consistently held that such statutes are so vague that "merely to charge a person with violation

11   of a statute 'contrary to law' is insufficient to state an offense."  *Current v. United States*, 287 F.2d

12   268, 269 (9th Cir. 1961); *see also United States v. Teh*, 535 F.3d 511, 516 (6th Cir. 2008) (citations

13   omitted) (holding that a charging document "only including the words 'contrary to law' – without

14   statement *which* law the defendant's conduct violated – is inadequate because it does not fully set

15   forth the 'contrary to law' element"); 9th Cir. Crim. Jury Instr. 8.35A (requiring that where defendant

16   is charged with acting "contrary to law," the court "describe applicable United States law(s) or

17   regulation(s)" when instructing the jury).

18       In *Teh*, for example, the defendant was charged with knowingly importing merchandise

19   "contrary to law," in violation of 18 U.S.C. § 545.  *Id.* at 512.  The indictment alleged that the

20   defendant had imported "counterfeit" DVD movies in violation of "copyrights," but, as the Court

21   pointed out, "neither the word 'counterfeit' nor the mention of 'copyrights' established which, if any,

22   statutory provision Teh's actions were 'contrary to.'"  *Id.* at 517.  There was no way for the

23   defendant to know whether he was being accused of a violation involving civil copyright

24   infringement, criminal copyright infringement, manufacturing, importation, or pirating, and "[t]hese

25   provisions all contain different elements against which a defendant would be required to defend."  *Id.*

26   The Sixth Circuit concluded that "[b]ecause the indictment did not state which law Teh's actions

27   were 'contrary to,' it failed to charge an offense."  *Id.*

28

1    Here, as in *Teh*, there is simply no way to know what violation Mr. Mapes is being accused of

2    committing.

3    It is true that the Information includes numerous factual allegations.  The problem is that the

4    Information fails to *connect* these allegations to § 99.7 or § 40103(b)(3) in any meaningful way.

5    Neither the statute nor the regulation makes any reference to stadiums and coliseums or their seating

6    capacities; neither discusses the National Football League; and neither mentions Unmanned Aircraft

7    Systems.  It is not enough for an information to contain a "litany of actions which purportedly

8    constitute[]" the offense.  *United States v. Salisbury*, 983 F.2d 1369, 1374 (7th Cir. 1993) (dismissing

9    indictment where defendant was alleged to have engaged in numerous voting improprieties, but not

10   "clearly exemplifie[d] multiple voting, the offense charged).

11   In *United States v. Johnson*, 53 F. Supp. 167 (D. Del. 1944), the defendants were charged with

12   selling poultry above the ceiling price during World War II, in violation of the Emergency Price

13   Control Act of 1942.  The indictments cited the regulation that was used to set the ceiling prices and

14   alleged the prices at which the poultry was sold, yet the court concluded that the indictments were

15   insufficient because application of the regulation required addition factual information.  The court

16   explained:

17   
18   > It is manifest from this regulation that to determine ceiling price in a given
> situation, one must know (a) the buyer's "customary receiving point"; (b)
> the freight charges from Chicago to the buyer's "customary receiving
19   > point"; (c) whether the prosecution is for an alleged violation of the retail
> ceiling or of the wholesale ceiling; and (d) with respect to those
> transactions alleged to have been "f.o.b."; the freight charges from the
20   > farm to the buyer's "customary receiving point."

21   *Id.* at 171.  Without that information, there was no way for the defendants to prepare a defense and,

22   as the court concluded, no way to "tell from the indictment whether a crime has been committed –

23   even if all the facts alleged are proved at trial." *Id.*  The same is true here.  Even if "all the facts

24   alleged are proved at trial," there is no way to tell whether a crime has been committed.

25   Moreover, even if the Information identified the "special security instructions" Mr. Mapes is

26   alleged to have violated, it still would be deficient because it fails to allege that these instructions

27   were issued by the Administrator in the interests of national security, and that they were issued

28   pursuant to agreement between the FAA and either the DOD or a US. Federal security or intelligence

MOTION TO DISMISS
NO. CR 19–00286 SVK

1   agency.  The omission of these elements renders the Information deficient.

2   **III.   Mr. Mapes Cannot Plead an Acquittal or Conviction in Bar of Future Prosecution**

3         The Information's lack of specificity also violates the Fifth Amendment.  A charging document

4   must enable a defendant "to plead an acquittal or conviction in bar of future prosecutions for the same

5   offense."  *Hamling*, 418 U.S. at 117.  Here, Mr. Mapes would be unable to do so because he would

6   have no way to showing that he was being prosecuted again for failing to comply with the same

7   "special security instructions" referenced in § 99.7.  Even if dismissal were not required by the Sixth

8   Amendment, it would be required under the Double Jeopardy Clause.

9   **CONCLUSION**

10       For the reasons set forth above, Mr. Mapes respectfully requests that the Information be

11  dismissed.

12

13      Dated:      December 16, 2019            Respectfully submitted,

14                                                STEVEN G. KALAR
    Federal Public Defender

15                                                Northern District of California

16                                                      /S

17                                               SEVERA KEITH
    Assistant Federal Public Defender

18

19

20

21

22

23

24

25

26

27

28