1  DAVID L. ANDERSON (CABN 149604)
United States Attorney

2

3  HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

4  SCOTT SIMEON (NYBN 5012653)
Assistant United States Attorney

5

6       150 Almaden Boulevard, Suite 900
San Jose, California 95113

7       Telephone: (408) 535-5061
FAX: (408) 535-5066

7       scott.simeon@usdoj.gov

8

Attorneys for United States of America

9
                    UNITED STATES DISTRICT COURT

10
                   NORTHERN DISTRICT OF CALIFORNIA

11
                         SAN JOSE DIVISION

12

13  UNITED STATES OF AMERICA,              )  CASE NO. CR-19-00286 SVK
                                           )
14          Plaintiff,                     )  UNITED STATES' OPPOSITION TO
                                           )  DEFENDANT'S MOTION TO DISMISS
15      v.                                 )
                                           )  Re: ECF No. 18
16  TRACY MICHAEL MAPES,                   )
                                           )  Date:   February 11, 2020
17          Defendant.                     )  Time:   9:00 A.M.
    ───────────────────────────────────── )  Court:  Courtroom 6, 4th Floor

18

19                           **INTRODUCTION**

20          On May 14, 2019, the government filed a Criminal Complaint (ECF No. 1), including a nine-

21  page affidavit, charging defendant Tracy Mapes with Violation of National Defense Airspace, in

22  violation of 49 U.S.C. §§ 46307 and 40103(b). On June 26, 2019, the government filed an Information

23  (ECF No. 8) charging the defendant with two counts of Violation of National Defense Airspace, and on

24  July 9, 2019, the defendant was arraigned on these charges (ECF No. 12). Now, five months after

25  arraignment, the defendant has filed a motion to dismiss the information (ECF No. 18) for failure to

26  provide a plain, concise, and definite written statement of the essential facts charged.

27          For the reasons set forth below, the motion should be denied as both factually and legally

28  unsupported.

U.S.'S OPP'N TO DEF.'S MOT. TO DISMISS
CR-19-00286 SVK

**LEGAL STANDARD**

Under Federal Rule of Criminal Procedure 7(c)(1), an information must provide "a plain, concise, and definite written statement of the essential facts constituting the offense charged." The Federal Rules "were designed to eliminate technicalities in criminal pleadings and are to be construed to secure simplicity in procedure." *United States v. Resendiz-Ponce*, 549 U.S. 102, 110 (2007). Although "detailed allegations might well have been required under common-law pleading rules, they surely are not contemplated by Rule 7(c)(1)." *Id.* (internal citations omitted). Instead, the constitutional requirements of a charging document are "first, that it contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, that it enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Id.* at 108 (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)) (alterations omitted).

If a charging document allegedly lacks such specificity, then "[a] motion for a bill of particulars is appropriate." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983) (citing *Will v. United States*, 389 U.S. 90, 99 (1967)). In determining whether a bill of particulars is appropriate, "a court should consider whether the defendant has been advised adequately of the charges through the indictment *and all other disclosures made by the government*." *Id.* (emphasis added) (citing *United States v. Giese,* 597 F.2d 1170, 1180 (9th Cir. 1979), *cert. denied*, 444 U.S. 979 (1979)). The term "all other disclosures made by the government" includes discovery, affidavits, and other charging documents. *See, e.g.*, *United States v. Taylor*, No. 17-CR-00191-JST-1, 2018 WL 4961608, at *3–5 (N.D. Cal. Oct. 12, 2018) ("[A] bill of particulars is not warranted because the indictment and search warrant affidavits provide sufficient detail."); *United States v. Vargas*, No. 15-CR-00530-BLF-2, 2016 WL 1446773, at *1–4 (N.D. Cal. Apr. 13, 2016) (Indictment, Complaint, and discovery materials).

**ARGUMENT**

The defendant argues that "there is simply no way to know what violation Mr. Mapes is being accused of committing." Def.'s Mot. at 5. Because the Complaint, Information, and discovery materials taken together make it abundantly clear what the defendant is charged with committing, this argument fails and the defendant's motion should be denied.

I. **The charging documents and discovery materials provide sufficient notice of the essential facts charged.**

The Complaint charges:

> Pursuant to § 40103(b)(3), on July 20, 2017, the FAA issued a [temporary flight restriction (TFR)] that prohibits all aircraft—including small unmanned aircraft—from operating within a three nautical mile radius of any stadium with a seating capacity of 30,000 or more people during, among other events, regular or postseason National Football League (NFL), NCAA Division I football, and Major League Baseball games. The TFR, also referred to as the "stadium TFR," takes effect one hour before a qualifying event begins and remains in effect until one hour after the event ends. Pursuant to § 40103(b)(3), the FAA classifies the airspace defined in the stadium TFR as "National Defense Airspace."

Compl. ¶ 6. The TFR, which is publicly available at https://tfr.faa.gov/save_pages/detail_7_4319.html, states further that it is issued "pursuant to Title 14 CFR Section 99.7, Special Security Instructions," and that violators "may be subject to certain criminal penalties under 49 USC 46307." In addition, the TFR is referenced multiple times in the discovery that the government produced on June 27, 2019. *E.g.*, Bates Nos. USA-000017, 72, 73, 119, 131.

Each count in the Information alleges precisely what the illegal conduct was: that the defendant piloted a drone "in restricted airspace above [a football] stadium having a seating capacity of 30,000 or more where a National Football League game was occurring." Information at 1–2. Consequently, the defendant's argument that "the Information does not identify the 'special security instructions' with which Mr. Mapes failed to comply, *much less explain how Mr. Mapes's alleged conduct violated those instructions*," Def.'s Mot. at 1 (emphasis added), is misplaced and erroneous.

Indeed, it is clear from the defendant's statements and actions, at the time of his arrest and after, that he is fully aware and on notice of what he did wrong. When the defendant was first approached by law enforcement outside the Oakland-Alameda County Coliseum on November 26, 2017, the following exchange took place:

> Officer Basped:      Do you have permission from the Raiders or the NFL to fly over the stadium?
>
> Tracy Mapes:         Probably not.

Bates No. USA-000377. The defendant was subsequently arrested. After his arrest, on January 30, 2018,

1  the defendant posted "Drone News" on Facebook, referring to himself as an "NFL Drone Pilot." Bates

2  No. USA-000043. In the ensuing online discussion, other Facebook users raised multiple concerns about

3  and objections to the defendant's violation of the TFR, and the defendant was consistently dismissive.

4  *E.g.*, Bates Nos. USA-000044, 47, 57. After the defendant was charged in this case and the government

5  produced discovery, including video footage of his illegal drone flights over Levi's Stadium and the

6  Oakland Coliseum, the defendant posted those videos on YouTube as "Levi's Stadium Leaflet Drop 11-

7  26-2017 (FULL MISSION)," https://www.youtube.com/watch?v=9bZNI577Evk, and "Oakland

8  Coliseum Leaflet Drop 11-26-2017 (FULL MISSION),"

9  https://www.youtube.com/watch?v=uh1sLESiRQQ. Each of the postings, published on July 27, 2019,

10  contains the following commentary:

11         #stopthetvwhores This is a Protest Mission to end the practice of Criminal
         Forces within the United States Government, including cooperation of the
12         FBI, DEA, and the Secret Service, employing Prostitutes and Felons in
         positions of the Media, Local and National Politics. We the People have a
13         Document called the Constitution of the United States that Guarantees the
         We Will Not Suffer Such Abuses at the hands of Our Government.
14
         This Infiltration subjugates its Victims for illicit purposes and the Dis-
15         Enfranchisement of All Americans in their Ability to Participate in a Free
         Press and Legitimate Voting Process.
16
         "You Have a Right to be Pissed Off, You Have a Responsibility to Say
17         Something About It." - Tracy Mapes

18  The problem, it seems, it not that the defendant lacks sufficient notice of the essential facts charged;

19  rather, it is that he has an apparent lack of compunction about violating the law.

20  **II.    Even if the charging documents were deficient, dismissal would not be the proper remedy.**

21         The defendant cites no cases—in fact, no legal authority at all—justifying dismissal of an

22  information as a proper remedy under these circumstances, even if the defendant's allegations were true.

23  This is because the relevant authority is Federal Rule of Criminal Procedure 7(e), which expressly

24  provides that "the court may permit an information to be amended at any time before the verdict or

25  finding." Moreover, even if the charging documents did not provide at least a plain, concise, and definite

26  written statement of the essential facts charged (they do), the appropriate filing by the defendant would

27  be a request for leave to file an out-of-time motion for a bill of particulars. *See* Fed. R. Crim. P. 7(f)

28  ("The defendant may move for a bill of particulars before or within 14 days after arraignment or at a

1   later time if the court permits.").

2          However, no remedy is required in this case because there is no deficiency to remedy. As the

3   defendant concedes, "[i]t is true that the Information includes numerous factual allegations." Def.'s Mot.

4   at 5. It is also true that those factual allegations track the language of the TFR, and that the defendant has

5   been adequately advised of the TFR by the Complaint and the discovery materials.

6                                               **CONCLUSION**

7          For the reasons set forth above, the defendant's motion should be denied.

8

9   DATED:  January 10, 2020                                    Respectfully submitted,

10                                                              DAVID L. ANDERSON
                                                                United States Attorney
11

12
                                                                 */s/ Scott Simeon*
13                                                              SCOTT SIMEON
                                                                Assistant United States Attorney
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28