1

2

3            UNITED STATES DISTRICT COURT

4            NORTHERN DISTRICT OF CALIFORNIA

5

6    UNITED STATES OF AMERICA,                    Case No. 19-cr-00286-SVK-1

7              Plaintiff,                         **ORDER DENYING DEFENDANT'S
                                                  MOTION TO DISMISS; GRANTING**
8         v.                                      **GOVERNMENT'S MOTION TO FILE
                                                  SUR-REPLY OUT OF TIME**
9    TRACY MICHAEL MAPES,
                                                  Re: Dkt. No. 18, 24
10             Defendant.

11          Defendant Tracy Mapes is charged with two misdemeanor counts of violating national

12   defense airspace by flying a drone over Levi's Stadium and the Oakland-Alameda County

13   Coliseum during National Football League games. Dkt. 8. Now before the Court is Defendant's

14   motion to dismiss, which argues that the Information (1) fails to provide adequate information

15   about the charges against Defendant, and (2) fails to state an offense even if additional information

16   is added. Dkt. 18, 20. The Court held a hearing on February 11, 2020. Defense counsel advised

17   the Court that Defendant waived appearance; Defendant listened to the hearing by telephone.

18          Based on a review of the parties' filings, the case file, and applicable law, the Court

19   DENIES the motion to dismiss for the reasons discussed below.

20   **I.     BACKGROUND**

21          On May 14, 2019, the government filed a Criminal Complaint charging Defendant with

22   violating national defense airspace, in violation of 49 U.S.C. § 46307. Dkt. 1. The Complaint is

23   accompanied by an affidavit from a Special Agent with the United States Department of

24   Transportation Office of Inspector General regarding the legal and factual basis for the

25   government's complaint against Defendant. *Id.* The affidavit explains that pursuant to 49 U.S.C.

26   § 40103(b)(3), on July 20, 2017, the FAA issued a temporary flight restriction that "prohibits all

27   aircraft—including small unmanned aircraft—from operating within a three nautical mile radius of

28   any stadium with a seating capacity of 30,000 or more people during, among other events, regular

1    or post season National Football League (NFL) … games" during certain times (the "stadium

2    TFR"). Dkt. 1, Affidavit at ¶ 6. The affidavit in support of the Complaint further states that the

3    "[p]ursuant to § 40103(b)(3), the FAA classifies the airspace defined in the stadium TFR as

4    'National Defense Airspace.'" *Id.*

5         On June 26, 2019, the government filed an Information charging Defendant with two

6    counts of Violation of National Defense Airspace, in violation of 49 U.S.C. §§ 46307 and

7    40103(b). Dkt. 8. The Information alleges that on or about November 26, 2017, Defendant

8    "while piloting an Unmanned Aircraft System, did knowingly, and without lawful authority,

9    conduct aircraft operations in restricted airspace" above Levi's Stadium and the Oakland-Alameda

10   County Coliseum, which are "stadium[s] having a seating capacity of 30,000 or more where a

11   National Football League game was occurring, in violation of Title 14, Code of Federal

12   Regulations, Section 99.7, a regulation prescribed under Title 49, United States Code, Section

13   40103(b)(3)." *Id.*

14        Defendant's motion to dismiss argues that the Information fails to fairly inform Defendant

15   of the charges against which he must defend and does not enable him to plead an acquittal or

16   conviction in bar of future prosecution. Dkt. 18. The government's opposition argues that the

17   charging documents are sufficient and that even if they were not, amendment or a bill of

18   particulars, not dismissal, would be the appropriate remedy. Dkt. 19. In his reply, Defendant

19   offers the additional argument that even if the Information was amended to explain the charges

20   against him, it would nevertheless fail to state an offense. Dkt. 20. Defendant's reply states that

21   he does not oppose the government filing a sur-reply to address this argument. *Id.* at 3 n.2. The

22   Court ordered the government to file a sur-reply by noon on February 10, 2020. Dkt. 22. The

23   government filed the requested sur-reply at 3:47 p.m. on the date it was due, along with a motion

24   for leave to file its sur-reply late. Dkt. 23, 24.

25        In light of Defendant's agreement that a sur-reply is appropriate and the Court's request

26   that the government file a sur-reply, the Court finds there is no prejudice as a result of the

27   government's filing of its sur-reply approximately four hours after the deadline and therefore

28   GRANTS the government's motion to file its sur-reply out of time.

## II.    DISCUSSION

### A.    Sufficiency of Charging Document

An indictment or information "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. Proc. 7(c)(1). The charging document must (1) contain the elements of the offense charged and fairly inform a defendant of the charge against which he must defend, and (2) enable him to plead an acquittal or conviction in bar of future prosecutions for the same offense. *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007).   Defendant argues that the Information is deficient in both respects. Dkt. 18.

### 1.    Fair information of charge

First, Defendant argues that the Information is insufficient because the document states that his conduct violated 14 C.F.R. § 99.7, but [t]here is no way to tell from the wording of § 99.7 itself how Mr. Mapes is alleged to have violated the regulation." Dkt. 18 at 4.  Section 99.7 provides:

> Each person operating an aircraft in an ADIZ or Defense Area must, in addition to the applicable rules of this part, comply with special security instructions issued by the Administrator in the interest of national security, pursuant to an agreement between the FAA and the Department of Defense, or between the FAA and a U.S. Federal security or intelligence agency.

14 C.F.R. § 99.7.  As Defendant notes (Dkt. 18 at 4), this section does not describe, specify, or cross-reference the "special security instructions" to which it refers.  Similarly, the Information does not contain these specifics.

However, the government argues that taken together, the Complaint, Information, and discovery materials provide sufficient notice of the offense charged. Dkt. 19 at 3-4.  The Complaint describes the terms of the stadium TFR. Dkt. 1, Affidavit at ¶ 6.  The Complaint further states that the "[p]ursuant to § 40103(b)(3), the FAA classifies the airspace defined in the stadium TFR as 'National Defense Airspace.'" *Id.*  According to the government, the stadium TFR is also referenced multiple times in discovery produced by the government on June 27, 2019. Dkt. 19 at 3.  The government argues that "[e]ach count in the Information alleges precisely what the illegal conduct was:  that the defendant piloted a drone 'in restricted airspace above [a football]

3

1      stadium having a seating capacity of 30,000 or more where a National Football League game was

2      occurring." Dkt. 19 at 3 (citing Information at 1-2).

3      Defendant is correct that although it is sometimes sufficient for a charging document to

4      "set forth the offense in the words of the statute itself," this is true only if "those words of

5      themselves fully, directly, and expressly, without any uncertainty and ambiguity, set forth all the

6      elements necessary to constitute the offence intended to be punished." *Hamling v. United States*,

7      418 U.S. 87, 117-18 (1974) (citation omitted). If the charging documents in this case mentioned

8      only 14 C.F.R. § 99.7, that might not be sufficient because, as discussed above, that regulation

9      does not describe in detail the "special security instructions" to which it refers. However, in

10     determining whether a defendant has been advised adequately of the charges against him, a court

11     may consider "the indictment and all other disclosures made by the government." *United States v.*

12     *Long,* 706 F.2d 1044, 1054 (9th Cir. 1983). These materials include discovery, affidavits, and

13     other charging documents. *See, e.g., United States v. Taylor*, No. 17-CR-00191-JST-1, 2018 WL

14     4961608, at *3-5 (N.D. Cal. Oct. 12, 2018) (holding that a bill of particulars was not warranted

15     where indictment and search warrant affidavits provided sufficient detail); *United States v.*

16     *Vargas*, No. 15-CR-00530-BLF-2, 2016 WL 1446773, at *1-4 (N.D. Cal. Apr. 13, 2016)

17     (assessing adequacy of indictment, complaint, and discovery materials). Here, the Complaint and

18     Information, taken together, contain the necessary level of detail.

19     It is particularly appropriate to look at both the Complaint and the Information in this

20     misdemeanor case because Federal Rule of Criminal Procedure 58(b)(1), entitled "Charging

21     Document," states that "[t]he trial of a misdemeanor may proceed on an indictment, information,

22     or complaint." Indeed, Defendant's reply states that "[t]o the extent [he] is charged with violating

23     14 C.F.R. § 99.7 by failing to comply with the Temporary Flight Restriction (TFR) issued on July

24     20, 2017 pursuant to § 40203(b)(3), [he] agrees that the combination of these materials are

25     sufficient to fairly inform him of the charges against him." Dkt. 20 at 2.

26     In light of (1) the contents of the Complaint and the Information, (2) the provisions of Rule

27     58(b), and (3) Defendant's agreement in his reply that the combination of the Complaint, the

28     Information, and the discovery in this case fairly inform him that he charged with violating

4

1   14 C.F.R. § 99.7 by failing to comply with the July 20, 2017 TFR, the Court concludes that the

2   Complaint and Information contain sufficient information to fairly inform Defendant of the

3   charges against him, and therefore Defendant's motion to dismiss on that basis is DENIED.  The

4   Court further finds that because Rule 58(b) permits trial of a misdemeanor such as the one charged

5   in this case on either an information or complaint, it is unnecessary for the government to amend

6   the Information to contain the additional information contained in the Complaint concerning

7   Defendant's alleged violation of the stadium TFR.

8                              **2.      Ability to plead double jeopardy**

9           Defendant argues that even if the charging documents give him adequate notice of the

10  charges against him, the Information fails to satisfy the second constitutional requirement of

11  protecting him against future prosecution for the same offense.  Dkt. 18 at 6; Dkt. 20 at 2.

12  Defendant argues that the "charging document"—which he construes to mean the "indictment or

13  information"—must enable the defendant to plead double jeopardy.  Dkt. 20 at 2 (citing *United*

14  *States v. Martin*, 783 F.2d 1449, 1452 (9th Cir. 1986) and Fed. R. Crim. Proc. 7(c)).

15          Again, Rule 58(b)(1) undermines Defendant's argument.  That rule specifically states,

16  under the heading "Charging Document," that a misdemeanor may be tried on an information *or*

17  complaint.  Fed. R. Crim. Proc. 58(b)(1).  Thus, the Complaint in this misdemeanor case is a

18  "charging document" and contains the information regarding Defendant's alleged violation of the

19  TFR that Defendant contends is necessary to protect against double jeopardy.  *Id.*; *Murrell v.*

20  *Gov't of Virgin Islands*, No. D.C. Crim. App. 2005-66, 2009 WL 1884373, at *4, *10 (D.V.I. June

21  26, 2009) (in misdemeanor case, stating that complaint is "charging document" and assessing

22  sufficiency of complaint to notify defendant of offense and enable him to raise double jeopardy

23  claims); *see generally United States v. Rojo*, 727 F.2d 1415, 1418 (9th Cir. 1983) (assessing

24  adequacy of charging document in a petty offense case, which under precursor to Rule 58 could

25  proceed on a citation or violation notice, by examining citation).

26          Moreover, a court considering a hypothetical future second charge against Defendant

27  would not be limited to the contents of the charging documents in this case.  "When determining

28  the preclusive effect of a jury verdict, we must 'examine the record of [the] prior proceeding,

5

1    taking into account the pleadings, evidence, charge, and other relevant matter, and conclude

2    whether a rational jury could have grounded its verdict upon an issue other than that which the

3    defendant seeks to foreclose from consideration.'" *See Sivak v. Hardison*, 658 F.3d 898, 918-19

4    (9th Cir. 2011) (quoting *Ashe v. Swenson*, 397 U.S. 436, 444 (1970)).

5          Accordingly, the Court concludes that Defendant is adequately protected against future

6    prosecution for the same offense, and therefore Defendant's motion to dismiss on that basis is

7    DENIED.

8          **B.      Adequacy of Stated Offense**

9          In his reply, Defendant argues that even if the charging documents adequately specify that

10   he violated 14 C.F.R. § 99.7 by failing to comply with the stadium TFR, dismissal is nevertheless

11   required because such an allegation fails to state an offense.   Dkt. 20 at 3-4.   Defendant argues

12   that the FAA Modernization and Reform Act of 2012 "codified the FAA's longstanding hands-off

13   approach to the regulation of model aircraft" by "provid[ing] that the FAA 'may not promulgate

14   any rule or regulation regarding a model aircraft.'" *Id.* at 3 (quoting *Taylor v. Huerta*, 856 F.3d

15   1089, 1091 (D.C. Cir. 2017)).   According to Defendant, Congress's subsequent expansion of the

16   FAA's authority, at least as it applied to the promulgation of registration requirements for model

17   aircraft, did not occur until December 17, 2017.   Dkt. 20 at 4 (citing *Taylor v. Fed. Aviation

18   Admin.*, 351 F. Supp. 3d 97, 100 (D.D.C. 2018)).   This was after the date of the alleged offenses in

19   this case—November 26, 2017.

20         The government offers two arguments in opposition to Defendant's contention that the

21   charging documents fail to state an offense.   First, the government argues that the D.C. Circuit in

22   *Taylor v. Huerta* made clear that its decision did not extend to the FAA's authority to regulate the

23   safety of national airspace, even as applied to model aircraft.   Dkt. 23 at 2.   Second, the

24   government argues that Defendant's drone does not qualify as a model aircraft and that he was not

25   operating it as a model aircraft.   *Id.* at 2-3.   Specifically, the government argues that Defendant's

26   drone does not satisfy the definition of a model aircraft in 14 C.F.R. § 101.1(a)(5) because it was

27   not flown within visual line of sight, and it was not flown for hobby or recreational purposes.   *Id.*

28   at 3.   In addition, the government argues that Defendant was not operating the drone as a model

6

United States District Court
Northern District of California

1    aircraft because he did not comply with requirements in Section 336 of the FAA Modernization

2    and Reform Act that require model aircraft to be flown strictly for hobby or recreational purposes,

3    operated in accordance with a community-based set of safety guidelines and within the

4    programming of a nationwide community-based organization, and flown within five miles of an

5    airport only with prior notice. *Id.* at 3.

6          Defendant's characterization of the statutory scheme applicable to model aircraft during

7    the relevant time period is incorrect. The D.C. Circuit examined that scheme in *Taylor v. Fed.*

8    *Aviation Admin.*, 895 F.3d 56 (D.C. Cir. 2018). As that court explained, in the FAA

9    Modernization and Reform Act of 2012, Congress tasked the Secretary of Transportation with

10   developing "a comprehensive plan to safely accelerate the integration of civil unmanned aircraft

11   systems into the national airspace system." *Id.* at 58 (quoting Pub. L. 112-95, § 332(a)(1), 126

12   Stat. 11, 73). Section 336 of the Modernization Act provides that notwithstanding any other

13   provision of law regarding incorporation of unmanned aircraft systems into FAA plans and

14   policies, the FAA "may not promulgate any rule or regulation regarding a model aircraft" that

15   satisfies five operational criteria (including the hobby/recreational use, community-based safety

16   guidelines, and airport restrictions that the government claims Defendant did not satisfy). *Id.*

17   (quoting § 336(a)). However, Section 336(b) provides that nothing in it "shall be construed to

18   limit the authority of the [FAA] Administrator to pursue enforcement action against persons

19   operating model aircraft who endanger the safety of the national airspace system." *Id.* (quoting

20   § 336(b)). Thus, the Section 336(a) "safe harbor" for model aircraft "itself has an exception [in

21   Section 336(b))] for dangerous model aircraft operations." *Id.* at 59-60.

22         As discussed above, Defendant is charged with violating 14 C.F.R. § 99.7 by failing to

23   comply with the stadium TFR. Defendant does not dispute that the TFR is a safety regulation. As

24   such, the stadium TFR is authorized under Section 336(b) of the Modernization Act. Therefore,

25   because the stadium TFR falls within the safety exception to the model aircraft safe harbor in the

26   Modernization Act, the allegations against Defendant are sufficient, regardless of whether

27   Defendant's drone meets the definition of a "model aircraft" in 14 C.F.R. §101.1(a)(5) or whether

28   he was operating his drone within the safe harbor provided in Section 336(a) of the Modernization

7

Act.

Accordingly, Court DENIES Defendant's motion to dismiss on the basis of failure to state an offense.

**III.    CONCLUSION**

For the reasons discussed above, the Court DENIES Defendant's motion to dismiss.

**SO ORDERED.**

Dated: February 14, 2020

SUSAN VAN KEULEN
United States Magistrate Judge