1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney

2  HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  SCOTT SIMEON (NYBN 5012653)
   Assistant United States Attorney
5
        150 Almaden Boulevard, Suite 900
6       San Jose, California 95113
        Telephone: (408) 535-5061
7       FAX: (408) 535-5066
        scott.simeon@usdoj.gov
8
   Attorneys for United States of America
9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | ) CASE NO. 19-CR-00286-SVK |
|---|---|
| Plaintiff, | ) JOINT STIPULATION AND ~~PROPOSED~~ ORDER |
| v. | ) TO VACATE TRIAL DATES AND EXCLUDE |
|  | ) TIME UNDER THE SPEEDY TRIAL ACT |
| TRACY MAPES, | ) |
| Defendant. | ) |

Trial in this case is currently scheduled for May 4, 2020, and time has been excluded until that date. The parties hereby move this Court for an order vacating the trial date, scheduling a status conference after May 6, 2020, to set a new trial date, and excluding time under the Speedy Trial Act, 18 U.S.C. § 3161, through the status conference date.

A continuance and exclusion in this case is justified under 18 U.S.C. § 3161(h)(7)(A). Under § 3161(h)(7)(A), the Court may appropriately exclude time based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance and exclude time in such circumstances. *See, e.g.*, *Furlow v. United States*, 644 F.2d 764 (9th Cir. 1981) (finding no

JOINT STIPULATION AND ~~[PROPOSED]~~ ORDER
19-CR-00286-SVK

Speedy Trial Act violation where the district court granted an ends-of-justice continuance following the eruption of Mt. St. Helens).

On March 16, 2020, Northern District of California Chief District Judge Phyllis J. Hamilton issued General Order No. 72, In Re: Coronavirus Disease Public Health Emergency. General Order No. 72 sets forth the Court's finding that—in light of the state of emergency declared by the President of the United States and California; recommendations by the Centers for Disease Control and Prevention (CDC) and other public health departments to avoid large gatherings of people and to particularly avoid person-to-person contact among the elderly and other vulnerable populations; the shelter-in-place directives; and the Court's consideration of the various interests implicated by the COVID-19 outbreak "including: the health of jurors, witnesses, parties, attorneys, the public, court staff, Probation and Pretrial Services staff, chambers staff, and judges; the constitutional rights of criminal defendants and other parties; and the public's interest in, and the court's duty to ensure, the effective and expeditious administration of justice"; the Court's reduced ability to obtain an adequate spectrum of jurors and the limitations on availability of counsel and court staff to be present in the courtroom based on COVID-19 and responses to the public health emergency—the ends of justice are served by ordering the continuances of trials commencing before May 1, 2020, and by postponing appearances with the defendant's consent. On March 23, 2020, the Court closed the San Jose courthouse entirely until April 7, 2020. General Order 73 (amended). On March 25, 2020, the Court also closed the Oakland and Eureka/McKinleyville courthouses. *Id.* On March 30, 2020, the Court found, among other things, that "the current public health crisis has caused, is causing, and is expected to continue to cause extraordinary disruption throughout this District, including but not limited to the temporary closure of offices[ and] the imposition of travel restrictions" for at least ninety days. General Order 74.

General Order 72 found that the ends of justice served by ordering continuances outweigh the interest of the public and any defendant's right to a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A). Although this trial is not scheduled to begin until May 4, the parties stipulate that the state of emergency described in General Order 72 applies to and affects the above-captioned case, for example: both counsels' respective offices are currently closed, making it difficult or impossible to effectively meet pretrial deadlines; and to effectively prepare for trial, it is necessary for defense counsel to meet and

JOINT STIPULATION AND [PROPOSED] ORDER
19-CR-00286-SVK 2

confer with the defendant prior to trial, and for at least two government witnesses to travel by air from the Eastern United States. COVID-19 is a global pandemic. To avoid the spread of COVID-19, the state of California is currently ordered to shelter in place and "heed the current State public health directives." California Executive Order N-33-20, available at https://covid19.ca.gov/img/Executive-Order-N-33-20.pdf (issued March 19, 2020) (staying in effect "until further notice"). A number of other states have also ordered people to stay at home. https://www.cnn.com/2020/03/23/us/coronavirus-which-states-stay-at-home-order-trnd/index.html. These realities hamper counsels' ability to meet with the defendant, relevant personnel, and witnesses. A failure to grant the requested continuance and the exclusion of time would therefore unreasonably deny the parties continuity of counsel and deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. A continuance and exclusion of time until the status conference date is therefore appropriate under 18 U.S.C. § 3161(h)(7)(B)(iv), as the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial. Because government counsel has a May 6 status hearing for another, multi-defendant trial that is currently set for July—a trial date that will also likely change—the parties respectfully request that the status conference in this case be scheduled for May 7 or 8, when the parties will be better able to reschedule this trial.

For the foregoing reasons, the requested delay in proceedings is warranted and should be excluded under the Speedy Trial Act's exceptions for ends of justice, 18 U.S.C. § 3161(h)(7), and for continuity of counsel and effective preparation of counsel, 18 U.S.C. § 3161(h)(7)(B)(iv).

Dated: April 1, 2020

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

_/s/_____
SCOTT SIMEON
Assistant United States Attorney

_/s/_____
SEVERA KEITH
Attorney for Defendant Tracy Mapes

| | |
|---|---|
| 1 | **[PROPOSED]** **ORDER** |
| 2 | For the reasons set forth in this Court's General Order No. 72, set forth below in this Order, and |
| 3 | set forth in the joint stipulation, this Court finds that a continuance and exclusion from the time limits |
| 4 | applicable under 18 U.S.C. § 3161 through May [7/8] 21, 2020, is warranted and serves the ends of justice, |
| 5 | and outweighs the best interest of the public and the defendant in a speedy trial, in this case. 18 U.S.C. |
| 6 | § 3161(h)(7)(A). |
| 7 | Responding to the COVID-19 (Coronavirus Disease) pandemic, numerous states, including |
| 8 | California, are currently ordered to shelter in place and "heed the current State public health directives." |
| 9 | California Executive Order N-33-20, available at https://covid19.ca.gov/img/Executive-Order-N-33- |
| 10 | 20.pdf (issued March 19, 2020). These limits serve the public interest in stemming the spread of |
| 11 | COVID-19 and therefore serve the ends of justice. 18 U.S.C. § 3161(h)(7)(A). These realities also |
| 12 | mean that without the requested continuance, counsel would lack reasonable time necessary for effective |
| 13 | preparation, taking into account the exercise of due diligence, and would unreasonably deny the parties |
| 14 | continuity of counsel. 18 U.S.C. § 3161(h)(7)(B)(iv). |
| 15 | Based on these findings, the Court hereby ORDERS that the May 4, 2020 trial and associated |
| 16 | dates are VACATED, that a status hearing is scheduled for May [7/8] 21, 2020, at ~~1:30 p.m.~~ 10:00 a.m. to set new trial |
| 17 | dates, and that the time through and including May [7/8] 21, 2020, is excluded under the Speedy Trial Act. |
| 18 | **IT IS SO ORDERED.** |
| 20 | Dated: April 1, 2020        _Susan van Keulen_ |
| | HON. SUSAN VAN KEULEN |
| | United States Magistrate Judge |