JODI LINKER
Federal Public Defender
Northern District of California
SEVERA KEITH
Assistant Federal Public Defender
8th Floor - Suite 820
55 South Market Street
San Jose, CA 95113
Telephone: (408) 291-7753
Facsimile: (408) 291-7399
Email: Severa_Keith@fd.org

Counsel for Defendant Mapes

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | Case No.: CR 19–00286 SVK |
|---|---|
| Plaintiff, | **SENTENCING MEMORANDUM** |
| v. | Court: Courtroom 6, 4th Floor |
| TRACY MAPES, | Hearing Date: May 31, 2022 |
| Defendant. | Hearing Time: 2:00 p.m. |

**DEFENDANT'S SENTENCING MEMORANDUM**

Defendant Tracy Mapes submits the following memorandum in support of his request for a sentence of one year of probation, which is within the advisory range recommened in the U.S.S.C Sentencing Guidelines, §5C1.1(b). This sentence is "sufficient, but not greater than necessary" to achieve the purposes of sentencing that are set forth in 18 U.S.C section 3553(a)(2).

//

### I.   PLEA AND ADVISORY GUIDELINE RANGE

Defendant Tracy Mapes was convicted on his pleas of guilty to Counts One and Two of the Information. Both Counts charged violations of 49 U.S.C. § 46307, 49 U.S.C. § 40103(b), Violation of National Defense Airspace.

The plea and conviction are based on defendant's November 26, 2017 drone flights over the Levi's Stadium and the Oakland Coliseum. The drone dropped leaflets over the stadiums that contained Mr. Mapes' messaging related to corruption of the media, and imploring the public to contact their elected officials. No injuries resulted from this activity.

The facts underlying the offense, as set forth in the Presentence Investigation Report ("PSR") are not in dispute, nor are the facts underlying Probation's calculation of the offense level and criminal history category, although, for reasons set forth below, the defense requests that the Court sentence Mr. Mapes to a one year term of probation, which is less than the sentence recommended by Probation.

### II.   PERSONAL BACKGROUND

Mr. Mapes has lived his entire life in Northern California. He obtained his GED and he worked for years as a freelance journalist. More recently, he has taken community college classes, focusing on journalisn and automotive technology, but he was unable to complete his Associates Degree in Automotive Technology, as in-person classes were suspended due to the pandemic.

Mr. Mapes recently worked at an Amazon warehouse, but he developed repetitive stress injuries, and his employment was terminated.

### III.   A SENTENCE OF ONE YEAR OF PROBATION IS ADEQUATE TO SATISFY THE GOALS OF 18 U.S.C. SECTION 3553(a)

In this matter, a one-year term of probation is sufficient to address the goals of sentencing. The Court can be certain of this, as Mr. Mapes has been under this Court's supervision since June 4, 2021,

and there have been no violations during the pendency of this case. As of the date of Sentencing in this matter, Mr. Mapes will have been on pretrial release for almost 3 years, without violating his conditions, and leading a law-abiding life. This is a strong indication that a one-year term of probation is adequate to meet the goals of sentencing.

The Sentencing Act, which, as mandated by *United States v. Booker*, 543 U.S. 220 (2005), now guides federal judges in their selection of a sentence, and directs the courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in Paragraph (2)"

(2) the need for the sentence imposed -

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." *See* 18 U.S.C. § 3553(a)(2).

Section 3553(a) further directs sentencing courts to consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (3) the kinds of sentences available; (4) the kinds of sentences and the sentencing range established for the offense under the Guidelines; (5) any pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. Thus, the Guidelines range for the offense is but one of ten factors specified under the Sentencing Act.

Section 3553(a)(1) is a "broad command to consider 'the nature and circumstances of the offense and the history and characteristics of the defendant.'" *Gall v. U.S.*, 552 U.S. 38, 49 n.6 (2007). The *Gall* Court considered the defendant's personal situation, lack of further criminal activity, and

efforts to better himself when affirming a sentence that was a substantial variance from the Guidelines. *Id.* at 44.

Here, in addition to the reasons above, Mr. Mapes is an individual who has no prior criminal convictions and 4 misdemeanor arrests that ended with dismissals of those charges.  He is currently living in a trailer that he parks on the city streets.  If he were incarcerated in this matter, it is highly likely that his home would be stolen or towed.  Either one would render him homeless.  No goal of sentencing would be met if Mr. Mapes were to lose his home.  The Court should sentence Mr. Mapes to one year of probation, with six months of home confinement.  This sentence will satisfy the goals of 3553(a).

## **CONCLUSION**

Based on the above, Mr. Mapes respectfully requests that this Court sentence him to one year of probation, waiver of any fine, with a Special Assessment of $50.00.

Dated:    May 24, 2022

                                        JODI LINKER
                                      Federal Public Defender
                                      Northern District of California

                                          /S
                                      SEVERA KEITH
                                      Assistant Federal Public Defender